UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 14-40028-TSH |
| JAMES MERRILL, ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____ ) | |

**ORDER ON EXCLUDABLE TIME**

April 13, 2015

Hennessy, M.J.

    I hereby ORDER the exclusion of time pursuant to the below-referenced provision of the Speedy Trial Act from Monday, April 13, 2015 (the date on which the fourth Interim Status Conference was scheduled to occur), through and including Friday, June 12, 2015 (the date of the fifth Interim Status Conference). I exclude this time pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, in accordance with Local Rule 112.2(c ) of the Local Rules of the United States District Court for the District of Massachusetts (2015), I find that the United States needs this time to continue to produce automatic discovery required under L.R. 116.1, including discovery that is being produced to the United States from Brazilian authorities, and for Defendant to review automatic discovery and, on the basis of that review, to consider the need for discovery requests and pre-trial motions. In making this determination, I note that based on the volume and scope of discovery, and the

representation of the United States that information and witnesses are outside the United States, I have designated this case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  I further find that to not grant such a continuance would deny both the United States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

      / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1]  The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any position thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).