UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Criminal No. 14-CR-40028-TSH |
| | ) |
| JAMES MERRILL, | ) |
|     Defendant | ) |

### James Merrill's Motion to Suppress Evidence (Exigo Office and Xand Corp.) and Incorporated Memorandum of Law

Now comes the Defendant, James Merrill, by and through undersigned counsel, pursuant to the Fourth Amendment of the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, and respectfully moves the Court for an order suppressing all evidence seized pursuant to the execution of the following two search warrants: (1) Search and Seizure Warrant for Exigo Office Inc., 8130 John W. Carpenter Freeway, Dallas, Texas, and (2) Search and Seizure Warrant for Xand Corporation, 34 St. Martin Drive, Marlborough, Massachusetts.

In addition to the overbreadth and particularity arguments set forth in Mr. Merrill's companion pleading, discussed and incorporated below, the Exigo Office search warrant is invalid as U.S. Magistrate Judge Hennessey lacked authority to issue a search warrant for property located in Dallas, Texas. *See, e.g.*, *United States v. Levin*, 2016 WL 2596010, May 5, 2016 (Young, J.) (suppressing fruits of warrant issued by Magistrate Judge in Eastern District of Virginia for property in Massachusetts, holding it was not authorized by Rule 41 or the Federal Magistrates Act, 28 U.S.C. §636(a)).

As grounds and reasons therefore, the defendant states the following:

1.    On April 15, 2014, U.S. Magistrate Judge Hennessey issued a warrant from the District of Massachusetts authorizing agents to search and seize the following property from

Exigo Office Inc., located in Dallas, Texas: "Evidence and instrumentalities of violations of 18 U.S.C. §1343 and 1349. The items to be seized are detailed in Attachment B." *See* Search and Seizure Warrant (Exigo Office), attached hereto as Exhibit 1. The warrant issued pursuant to an application and affidavit filed by Special Agent John S. Soares. Application for a Search Warrant (Exigo Office), attached hereto as Exhibit 2; Affidavit of John Soares attached hereto as Exhibit 3.[1]

    2.    Section I of Attachment B commanded that "Exigo Office, Inc. will identify the accounts and files to be searched, based on the parameters of Section II below." Exhibit 1. Section II, entitled "Information to be Produced by Exigo Office, Inc.," thereafter compelled the production of the following information:

> "1.    All data and information in the possession, custody or control of Exigo Office, Inc., that is related to TelexFree, Inc., TelexFree LLC, TelexFree Financial, Diskavontade, Brazilian Help, Inc., and Ympactus ('TelexFree Entities'). This data and information includes, but is not limited to, the following:
>
>> a.    All records relating to VoIP sales, including but not limited to VoIP design, number of unique users, number of minutes used, and technical specifications.
>> b.    All records related to promoters for the TelexFree entities, including but not limited to all 'back office' information; promoter compensation; payments by promoters to TelexFree entities; number and identities of promoters; and credit card transactions, regardless of source.
>> c.    All records related to the business practices or business planning of TelexFree entities.
>> d.    All records pertaining to telecom companies or other companies related to designing, maintaining or operating VoIP services.
>> e.    All records pertaining to communications between Xand Corporation[2] and any of the TelexFree entities.
>> f.    All records relating to accounting, finances, and other financial aspects of the TelexFree entities.

---

[1] The affidavit filed in support of the application was the same affidavit filed in support of the application for a warrant to search TelexFree's headquarters in Marlborough, Massachusetts (225 Cedar Hill Street).

[2] This appears to be a typo and/or carryover from the search warrant for Xand Corporation.

    g. All business records, including but not limited to correspondence (including email), customer service records, and contracts or other agreements, related to the TelexFree entities."

3. On April 15, 2014, U.S. Magistrate Judge Hennessey also issued a warrant targeted at Xand Corporation, located at 34 St. Martin Drive, Marlborough, Massachusetts, authorizing agents to search and seize the following property: "Evidence and instrumentalities of violations of 18 U.S.C. §1343 and 1349. The items to be seized are detailed in Attachment B." *See* Search and Seizure Warrant (Xand Corp.), attached hereto as Exhibit 4. Once again, the warrant issued pursuant to an application and affidavit filed by Special Agent John S. Soares. Application for a Search Warrant (Xand Corp.), attached hereto as Exhibit 5. The affidavit filed in support of the application was the same affidavit filed in support of the application for a warrant to search TelexFree's headquarters in Marlborough, Massachusetts and Exigo Office (and so yet another copy of this affidavit has not been attached hereto).

4. Section I of Attachment B compelled the production of the following materials:

"1. All storage devices, including servers, hard drives, or other items, that are not owned by Xand Corporation, but which Xand Corporation maintains or otherwise has possession of on behalf of TelexFree, Inc., TelexFree LLC, TelexFree Financial, Diskavontade, Brazilian Help, Inc., and Ympactus ('TelexFree Entities').

  a. Any information or data necessary to successfully retrieve information and data stored on the items described in (1) above.

2. All data and information otherwise maintained or possessed by Xand Corporation for, or related to, the TelexFree Entities ('Other Xand Data'). With regard to Other Xand Data only, for the sake of efficiency and to minimize government intrusion, the government will serve the search warrant on Xand Corporation and request that the company immediately preserve, collect and produce in a reasonably accessible format the data and information requested immediately below.

  a. All records relating to VoIP sales, including but not limited to VoIP design, number of unique users, number of minutes used, and technical specifications.

3

      b.      All records related to promoters for the TelexFree entities, including but not limited to all 'back office' information; promoter compensation; payments by promoters to TelexFree entities; number and identities of promoters; and credit card transactions, regardless of source.

      c.      All records related to the business practices or business planning of TelexFree entities.

      d.      All records pertaining to telecom companies or other companies. related to designing, maintaining or operating VoIP services.

      e.      All records pertaining to communications between Xand Corporation and any of the TelexFree entities.

      f.      All records relating to accounting, finances, and other financial aspects of the TelexFree entities.

      g.      All business records, including but not limited to correspondence (including email), customer service records, and contracts or other agreements, related to the TelexFree entities."

5.      Mr. Merrill respectfully submits that the search warrants for Exigo Office, Inc. and Xand Corp. are overbroad and unparticularized, in violation of the Fourth Amendment, for all of the reasons articulated in his companion pleading, filed today, entitled "Defendant James Merrill's Motion to Suppress Evidence and Incorporated Memorandum of Law," and directed at the search warrant for 225 Cedar Hill Street, Suite 118, Marlborough, Massachusetts.  Rather than repeat the same legal and factual arguments, and burden the Court with unnecessary legal pleadings, Mr. Merrill respectfully incorporates herein the arguments made in the companion pleading.  Like the warrant for 225 Cedar Hill Street, the warrants for Exigo Office and Xand Corp. demand production of materials for which no probable cause was established in the affidavit, the warrant compels the production of "all" data and records (without limitations), and it does not include any temporal limitations to the demanded documents.

6.      In addition to the overbreadth and particularity arguments incorporated herein, the Exigo search warrant fails for another, independent reason—the Court lacked authority to issue a search warrant to seize the identified property located in Texas.  As noted, the search warrant was issued from the District of Massachusetts, but Exigo is located in Dallas, Texas.  First, in the

4

circumstances presented by this case, Rule 41 limits a district court's authority to issue search warrants for property or persons located within its judicial district. *See* Fed.R.Crim.P. 41(b)(1) (providing "authority to issue a warrant to search for and seize a person or property located within the district"). As such, Rule 41 did not authorize the issuance of the search warrant. *See United States v. Levin*, 2016 WL 2596010, May 5, 2016 (Young, J.) (suppressing fruits of warrant issued by Magistrate Judge in Eastern District of Virginia for property in Massachusetts, holding it was not authorized by Rule 41 or the Federal Magistrates Act, 28 U.S.C. §636(a)).

7. Second, to the extent the government intends to rely upon 18 U.S.C. §2703(a), *see* Soares Affidavit at ¶4 ("I submit this affidavit for the limited purpose of supporting an application for a warrant, in part under 18 U.S.C. §2703(a) and Rule 41 of the Federal Rules of Criminal Procedure, . . . ."), the data at issue in the Exigo search warrant does not fall within the dictates of §2703(a).

8. §2703(a) provides that a "governmental entity may require the disclosure by a *provider of electronic communication service* of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction." (emphasis added). There is no information within Agent Soares' affidavit establishing that Exigo Office, Inc. is a "provider of electronic communication service."

9. Agent Soares avers that, "[b]ased on open source information and Merrill's testimony to the MSD, Exigo is a company based in Dallas . . . that markets specifically to 'multi-level marketing' businesses," and that "Exigo touts its MLM 'business platform'" on its

website.  Soares Affidavit at ¶7.  Agent Soares does not establish probable cause to believe that Exigo is a provider of electronic communication service.

10. 18 U.S.C. §2711, via incorporation of definitions set forth in 18 U.S.C. §2510, defines "provider of electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications."  Exigo does not appear to be in the business of providing users the ability to send or receive wire or electronic communications, and certainly no probable cause was set forth in the affidavit to demonstrate that Exigo was such a provider.

WHEREFORE, for all of the foregoing reasons, Mr. Merrill respectfully requests an order suppressing all evidence seized pursuant to the Search and Seizure Warrant for Exigo Office Inc., 8130 John W. Carpenter Freeway, Dallas, Texas, and the Search and Seizure Warrant for Xand Corporation, 34 St. Martin Drive, Marlborough, Massachusetts.

Respectfully Submitted,
JAMES MERRILL,
By His Attorney,

**/s/ Robert M. Goldstein**
Robert M. Goldstein, Esq.
Mass. Bar No. 630584
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: May 20, 2016

6

**Certificate of Service**

    I, Robert M. Goldstein, hereby certify that on this date, May 20, 2016, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including Assistant U.S. Attorneys Andrew Lelling and Neil Gallagher.

                                        **/s/ Robert M. Goldstein**
                                        Robert M. Goldstein